

3200 N. Central Avenue, Suite 2250
Phoenix, Arizona 85012
T: (602) 280-1000; F: (602) 265-1495
Shaheen P. Torgoley, AZ State Bar No. 024791
STorgoley@rrpklaw.com
*Attorneys for Defendant Cinnamon Lloyd Graham*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | Case No. **2:25-cr-01223-SMB-1** |
|---|---|
| Plaintiff, | **DEFENDANT'S SENTENCING MEMORANDUM** |
| v. | |
| Cinnamon Lloyd Graham, | |
| Defendant. | |

## SUMMARY

Cinnamon Graham has no prior criminal history. She worked for 25 years at the U.S. Postal Service, which she described as the best job she ever held. For reasons she cannot explain, in late 2022 and in 2023, she decided to steal about ten random gift cards as they were passing through the mail. She eventually admitted this to Postal Service investigators and was terminated from the job several months later. The gift cards Ms. Graham took were worth $305.

Now, at 55 years old, Ms. Graham is unemployed and suffering from serious, worsening physical and mental health issues. The offense conduct and Ms. Graham's circumstances warrant a probation sentence, as stipulated in the plea agreement and also in line with the recommendation of U.S. Probation.

Undersigned counsel submits that a two-year term of probation is sufficient but not greater than necessary under 18 U.S.C. § 3553.

## I. BACKGROUND

### a. Cinnamon Graham's personal life involves exceedingly difficult conditions.

Ms. Graham's father was in her life until she was nine years old before abandoning her. Ms. Graham was raised by her mother and eventually a stepfather. Her stepfather is no longer in her life, and she has intermittent contact with her elderly mother. Presentence Report ("PSR") at ¶ 37.

Ms. Graham's childhood was marked by poverty and even food scarcity. PSR at ¶ 38. Without a father, Ms. Graham's stepfather became a prominent figure in her upbringing. Unfortunately, her stepfather was a violent alcoholic. *Id*. Ms. Graham watched as her stepfather "physically abused her mother daily and verbally abused [her too]." *Id*. Ms. Graham and her mother eventually fled the stepfather and couch-surfed to hide from him. *Id*. This movement created a highly unstable childhood for Ms. Graham. Once, when her stepfather located them, Ms. Graham, as a child, stood behind the door and was knocked over when her stepfather barged in. *Id*. Ms. Graham, particularly as a child, could not understand her mother's tendency to return to an abusive partner.

While moving between different areas of Florida and New York, Ms. Graham's education was inconsistent. PSR at ¶ 39. In the mid-1990s, circumstances eventually moved Ms. Graham to Arizona. She settled in Arizona in 1997 and has been here ever since.

Ms. Graham had her first child—a daughter named Jasmin Darly—in 1990. She died, unexpectedly, in 2023 from an illness. PSR at ¶ 40. This tragedy has significantly damaged Ms. Graham's emotional health and faith. She still lives with Jasmin's widower, Quency Darly, who works at Grand Canyon University.

Ms. Graham has two children with whom she remains close. Her daughter Julie has two children for whom Ms. Graham consistently cares. PSR at ¶ 41.

///

### b. Ms. Graham suffers from physical and mental health issues.

In 2009, Ms. Graham had brain surgery to remove a tumor. PSR at ¶ 44. While this particular medical concern seems to have resolved, Ms. Graham still deals with other serious conditions. After living with diabetes for 11 years, Ms. Graham suffers from podiatric neuropathy and is blind in one eye. *Id.* She also suffers from muscle atrophy in her face. *Id.* She takes several medications to address these concerns.

After her daughter Jasmin died at only 33 years old, Ms. Graham fell into deep depression. PSR at ¶ 45. This depression has been defined by recalcitrant low moods, a loss of hope, and suicidal ideations. As part of her release conditions in this matter, Ms. Graham completed a mental health assessment at Community Bridges. The result showed a diagnosis of severe major depressive disorder. PSR at ¶ 45. Ms. Graham received additional medications following the diagnosis which are now part of her treatment plan.

### c. Ms. Graham has complied with pretrial release conditions.

Ms. Graham had never been in trouble before the criminal justice system. Accordingly, she has never been on pretrial release or a similar type of structured supervision, such as probation. But she has been in full compliance since her release on this matter. This is predictive of her ability to comply with all Court-ordered terms of probation. There is no need for the Court to consider any form of incarceration as part of its sentence here.

## II. THE PRESENTENCE REPORT ("PSR") AND PLEA AGREEMENT

The PSR projects a Base Offense Level of 6, a +2-level adjustment for abuse of power as she was a Postal Service employee, to produce an adjusted offense level of 8.

For acceptance of responsibility, there is a -2 adjustment, and another -2 adjustment for zero-point offender, to produce a Total Offense Level of 4. Combined with Criminal History Category I, the advisory Guidelines range applicable here would

be 0 - 6 months. As the PSR notes, "the applicable guideline range is in Zone A or B of the Sentencing Table. Therefore, a sentence other than a sentence of imprisonment, in accordance with USSG §5C1.1(b) or (c)(3) is generally appropriate. USSG §5C1.1, comment. (n.10)." PSR at ¶ 59.

Subject to Rule 11(c)(1)(C), the parties to this plea agreement stipulate that Ms. Graham shall be sentenced to probation. ECF No. 12 at ¶ 3.a.

Similarly, the assigned U.S. Probation Officer, in the PSR, makes the following recommendation: "Considering the factors identified, it is respectfully recommended the defendant be sentenced to three years of probation. This recommendation is believed to be sufficient, but not more than necessary, to accomplish the goals of sentencing pursuant to 18 U.S.C. § 3553." PSR at 15.

## RECOMMENDATION

Ms. Graham had a challenging childhood, marked with poverty and abuse. After eventually settling in Arizona, she has led a modest lifestyle. She became a mother and more recently, a grandmother. She spent nearly half her life working at the U.S. Postal Service, so her termination for stealing gift cards already amounts to a serious penalty that she feels severely on a personal and financial level.

Ms. Graham has suffered serious depression since the untimely death of her 33-year-old daughter in 2023. The progressive impacts of diabetes compound the limitations she faces in her daily life.

At 55 years old, with no criminal history, Ms. Graham's decision to steal gift cards from mail was an inexplicable but serious error in judgment. It was also an aberration as Ms. Graham had been a law-abiding citizen her entire life. She feels serious regret for her actions. Both the government and U.S. Probation agree that a term of probation is the appropriate sentence. There is no need for any term of incarceration

here, and a term of 24 months of probation is sufficient but no greater than necessary to satisfy the goals of 18 U.S.C. § 3553.

RESPECTFULLY submitted this 12th day of January 2026.

**RYAN RAPP PACHECO SORENSEN PLC**
/s/ *Shaheen P. Torgoley*
Shaheen P. Torgoley
*Attorneys for Cinnamon Graham*

**COPY** of the foregoing transmitted by ECF for filing this 12th day of January 2026 to:

Lindsay Lee Short
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, AZ 85004
Attorneys for Plaintiff


By: */s/ Shaheen P. Torgoley*